1  Shawn A. McMillan, Esq. – SBN: 208529
2  Stephen D. Daner, Esq. – SBN: 259689
   Evan D. Pullman, Esq. – SBN: 342431
3  The Law Offices of Shawn A. McMillan, APC
   4955 Via Lapiz
4  San Diego, California 92122
   Telephone: (858) 646 0069
5  Facsimile: (858) 746 5283

6  Attorneys for Plaintiff M.B.

7  **PORTER | SCOTT**
   A PROFESSIONAL CORPORATION
8  William E. Camy, SBN 291397
   Alison J. Southard, SBN 335716
9  2180 Harvard Street, Suite 500
   Sacramento, CA 95815
10 TEL: 916.929.1481
   FAX: 916.927.3706
11 wcamy@porterscott.com
12 asouthard@porterscott.com

13 **OFFICE OF THE COUNTY COUNSEL**
   **COUNTY OF BUTTE**
14 Brad J. Stephens, SBN 212246
   25 County Center Drive, Suite 210
15 Oroville, CA 95965
   TEL: 530.538.7621
16 FAX: 530.538.6891
   EMAIL: bstephens@buttecounty.net
17

18 Attorneys for Defendants COUNTY OF BUTTE, STEPHANIE BRAZIL, SARAH PEDERSON (also sued as "SARAH CORNETT"), DEPUTY TRACY PANUKE and DEPUTY MICHAEL KEATING
19
   **UNITED STATES DISTRICT OF CALIFORNIA EASTERN DISTRICT OF CALIFORNIA**
20

| | |
|---|---|
| 21  The minor, M.B., by and through her guardian *ad litem* Brett Brashears, | No. 2:23-cv-01977 DAD DB |
| 22                Plaintiff, | **STIPULATION AND PROTECTIVE ORDER TO EXCHANGE JUVENILE CASE FILE** |
| 23  vs. | |
| 24  Butte County, a public entity; Stephanie Brazil, an individual; Sarah Cornett, an individual; Deputy Panuke, an individual; Deputy Michael Keating, an individual; Youth & Family Programs Foster Family Agency, a California corporation; Eugene C. Hastings, and individual; and Does 1 Through 10, inclusive, | Complaint filed: 9/13/2023 |
| 28                Defendants.                       / | |

4867-7543-6876, v. 1                1

STIPULATION AND PROTECTIVE ORDER TO EXCHANGE JUVENILE CASE FILE

**TO THE HONORABLE COURT:**

Defendants, County of Butte, Stephanie Brazil, Sarah Pederson (also sued as "Sarah Cornett"), Michael Keating, and Tracy Panuke (collectively "County Defendants"), by and through their counsel of record, and Plaintiff M.B., by and through her guardian ad litem Brett Brashears, hereby stipulate as follows:

1. WHEREAS, Plaintiff served a Request for Production of Documents (Set One) on County Defendants on January 25, 2024; (see, attached Exhibit A)

2. WHEREAS, Plaintiff anticipates that County Defendants will comply with Plaintiff's propounded discovery, in good faith, but is reticent to disclose the documents requested on the grounds that they are statutorily protected from disclosure pursuant to California Welfare & Institutions Code, §§827 and/or 828, and must be obtained through the petition process set forth in California Rule of Court 5.552.

3. WHEREAS, it is essential that the Plaintiff and County Defendants have equal access to, and obtain, all information that directly relates to proof of their claims and defenses in this civil rights case;

4. WHEREAS, at present, the County of Butte is in possession of the entirety of Plaintiff M.B.'s juvenile case records, case files, and related documents including essential data contained in the CWS/CMS System, excluding court reporter's transcripts and any other documents which may be in the exclusive possession of the juvenile court;

5. WHEREAS, much of this data is available through the statewide child welfare database (CWS/CMS), and at present, it is ostensibly unavailable due to County Defendants' legitimate concerns about violating WIC 827;

6. WHEREAS, this Court has jurisdiction to immediately resolve the anticipated discovery concerns by issuing an order directing County Defendants to produce, forthwith, the entirety of Plaintiff's unredacted juvenile case file identified in Plaintiff's Request for Production of Documents (Set One), including the data contained in the CWS/CMS System and SafeMeasures system);

7. WHEREAS, to address any complaint or objection that the County, or any other defendants, may have regarding the confidentiality of the records to be released, this Court may fashion a protective order governing the use and disclosure of the records produced. The Parties hereby request that the Court do so on the grounds set forth below:

///

4867-7543-6876, v. 1                                           2

STIPULATION AND PROTECTIVE ORDER TO EXCHANGE JUVENILE CASE FILE

**GOVERNING LAW**

The parties agree that Plaintiff is entitled to "the production of any designated documents...within the scope of Rule 26(b)." *Henderson v. United Student Aid Funds, Inc.*, 2015 U.S. Dist. LEXIS 107342, *6 (S.D. Cal. 2015). This includes all documents within Defendant's "possession, custody, or control." Fed R. Civ. P. 34(a)(1).

The parties also agree that California state law restrictions on discovery and access to relevant information does not apply in federal civil rights actions. *See, e.g., Kerr v. United States Dist. Court for Northern Dist.*, 511 F.2d 192, 197 (9th Cir. 1975); Fed. R. Evid. 501; *Myles v. Cty. of San Diego*, 2016 U.S. Dist. LEXIS 59452, at *52 53; *Medina v. Cty. of San Diego*, 2014 U.S. Dist. LEXIS 135672, at *18 19 (S.D. Cal. Sep. 25, 2014).

Indeed, the Ninth Circuit has specifically recognized that in a civil rights action, the district court has the power to order disclosure of juvenile records notwithstanding state law. *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003).

Ergo, federal courts are not bound by any state law prohibiting disclosure of juvenile case files, i.e., Cal. Welf. & Inst. Code, §827. *Seales v. Macomb Cty.*, 226 F.R.D. 572, 576 577 (E.D. Mich. 2005); Maldonado, supra, 2007 U.S. Dist. LEXIS 91084 at *13; *Van Horn v. Hornbeak*, 2010 U.S. Dist. LEXIS 147669, *10 11 (E.D. Cal. Mar. 17, 2010); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005); *Doe No. 59, supra*, 2017 U.S. Dist. LEXIS 29126 at *4.

Likewise, protection for privileged information arising under federal law does not extend to "confidential" information. *Lobato v. Ford, Civil Action*, 2007 U.S. Dist. LEXIS 98121, *11 (D. Colo. 2007); *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 643 (D. Kan. 2003). "Confidentiality is not a bar to discovery." *Seafirst Corp. v. Jenkins*, 644 F.Supp. 1160, 1164 (W.D. Wash. 1986).

County Civil Defense Counsel – in order to adequately represent the County Defendants – is permitted and required to access and review the complete Juvenile Case File. *See, e.g., A.C. v. Cortez*, 34 F.4th 783, 788 (9th Cir. 2022). It is axiomatic that if the juvenile records are relevant to defend a lawsuit, those same records are relevant to prosecute the lawsuit. Defendants cannot withhold these documents and records. Indeed, there is a "special danger" in permitting a government to define the scope of juvenile confidentiality statutes when the misconduct of state actors is alleged. *Seales v. Macomb Cty.*, 226 F.R.D.

572, 577 (E.D. Mich. 2005). This concern is especially strong where, as here, the County is itself a defendant. *See, e.g., Pearson v. Miller*, 211 F.3d 57, 68 n.10 (3d Cir. 2000).

Finally, any concerns regarding the privacy of third parties can be addressed by a well fashioned protective order. *Doe No. 59, supra*, 2017 U.S. Dist. LEXIS 29126 at*5 ("Moreover, there is a protective order in place covering any disclosure that should protect the legitimate interest of those affected."). Indeed, "[t]o the extent that the privacy of any other minors, officers or third parties is at risk, this information will not be disclosed outside this case and will be subject to a stipulated protective order which will serve to protect the privacy of these individuals as much as possible." *Maldonado, supra*, 2007 U.S. Dist. LEXIS 91084 at *4 5. WHEREAS, to avoid further delay, in the interests of preserving resources and judicial economy, and with a good faith belief that disclosing the records meets the tests in *Maldonado* and *Doe No. 59, supra* (i.e., they are relevant to the instant action, there is a legitimate need for the records and the need of the disclosure outweighs the State interest and policy considerations of keeping the contents confidential), the Parties hereby stipulate that Butte County is permitted to and shall, within 90 days of the Court's entry of the proposed Protective Order, provide responses to Plaintiff's Request for Production (Set One). The County Defendants agree not to withhold or redact any documents on the ground that the information is confidential pursuant to WIC section 827. The County Defendants reserve the right to assert any other relevant objections. Plaintiff reserves the right to move to compel further responses.

In addition, and also based on the foregoing, the Parties further stipulate and agree to the following:

A. Upon the Court's entry of this Order to Produce, Plaintiff is permitted to produce to Defendants those portions of the juvenile case records that are in her possession, custody, and/or control to the extent they are formally requested as permitted under the FRCP and/or subject to FRCP Rule 26 disclosures;

B. Upon the Court's entry of this Order to Produce, County Defendants are permitted to produce to Plaintiff those portions of the juvenile case records that are in their possession, custody, and/or control to the extent they are formally requested as permitted under the FRCP and/or subject to FRCP Rule 26 disclosures;

C. The parties further agree that the confidentiality of all involved minors, reporting parties, and any other parties whose interests may be implicated shall be protected from disclosure to the public under the terms of this order without the need for further Court orders;

D. The Parties further agree, pursuant to the execution of this Court's Order to Produce, they are both permitted to produce and/or exchange all other documents in unredacted form that might otherwise be protected under WIC § 827, except that information which is subject to an identified privilege arising under Federal Law – which will be identified in a privilege log.

E. That the documents exchanged among the Parties are still subject to the provisions of WIC § 827, in that the documents may not be disseminated other than to counsel, including outside counsel and County Counsel, their clients, experts, mediators, and any witnesses if needed in this matter, and at trial subject to any admissibility rulings by the Court, and that the documents are confidential and if filed with this Court will be filed under seal pursuant to the federal court rules and local rules.

F. That the documents produced by the Parties will include only those redactions supported by an identified privilege arising under Federal law, including attorney client privilege. The Parties will serve privilege logs on or before the day the records are exchanged, identifying the ground(s) for all redactions. The Parties may submit any such documents to the Court for in camera review.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  April 4, 2024                     LAW OFFICES OF SHAWN A. MCMILLAN

                                          By:   /s/ *Shawn A. McMillan*
                                                Shawn A. McMillan

Dated:  April 4, 2024                     PORTER SCOTT
                                          A PROFESSIONAL CORPORATION

                                          By:   /s/ *Alison J. Southard*
                                                William E. Camy
                                                Alison J. Southard

**ORDER:**

Pursuant to the stipulation of the parties, it is hereby Ordered:

1. Upon the Court's entry of this Order to Produce, Plaintiff is permitted to produce to Defendants those portions of the juvenile case records that are in her possession, custody, and/or control to the extent they are formally requested as permitted under the FRCP and/or subject to FRCP Rule 26 disclosures;

2. Upon the Court's entry of this Order to Produce, County Defendants are permitted to produce to Plaintiff those portions of the juvenile case records that are in their possession, custody, and/or control to the extent they are formally requested as permitted under the FRCP and/or subject to FRCP Rule 26 disclosures;

3. The parties further agree that the confidentiality of all involved minors, reporting parties, and any other parties whose interests may be implicated shall be protected from disclosure to the public under the terms of this order without the need for further Court orders;

4. The Parties further agree, pursuant to the execution of this Court's Order to Produce, they are both permitted to produce and/or exchange all other documents in unredacted form that might otherwise be protected under WIC § 827, except that information which is subject to an identified privilege arising under Federal Law – which will be identified in a privilege log.

5. That the documents exchanged among the Parties are still subject to the provisions of WIC § 827, in that the documents may not be disseminated other than to counsel, including outside counsel and County Counsel, their clients, experts, mediators, and any witnesses if needed in this matter, and at trial subject to any admissibility rulings by the Court, and that the documents are confidential and if filed with this Court will be filed under seal pursuant to the federal court rules and local rules.

6. That the documents produced by the Parties will include only those redactions supported by an identified privilege arising under Federal law, including attorney client privilege. The Parties will serve privilege logs on or before the day the records are exchanged, identifying the ground(s) for all redactions. The Parties may submit any such documents to the Court for in camera review.

**IT IS SO ORDERED.**

DATED: April 9, 2024              /s/ DEBORAH BARNES
                                   UNITED STATES MAGISTRATE JUDGE