UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.B., a minor, by and through her guardian ad litem Brett Brashears,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BUTTE, et al.,<br><br>Defendants. | No. 2:23-cv-1977 DAD SCR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

### I. INTRODUCTION

In this lawsuit, Plaintiff M.B. seeks redress for alleged constitutional and state law violations related to her removal from her home and placement in the foster care of Defendant Eugene Hastings. This instant discovery dispute concerns Plaintiff's subpoena to a third party, the California Department of Social Services' Community Care Licensing ("CCL") Division, for records concerning Defendant Hastings, who is alleged to have been sexually abusive towards Plaintiff. CCL disclosed its investigative file on Defendant Hastings, but redacted from the file Defendant Hastings' name and the names and other private information of individuals, including Plaintiff and other children who Defendant Hastings also allegedly abused. Plaintiff and CCL filed a joint statement concerning the dispute (ECF No. 33) and the Court granted Plaintiff leave to file a reply to the joint statement (ECF No. 40). The Court took the dispute under submission

without hearing. For the reasons explained below, the Court grants in part and denies in part Plaintiff's motion to compel an unredacted version of those records.

## II.     BACKGROUND ON THE DISPUTE

Plaintiff served a third-party subpoena on CCL seeking the following: "Any and all records concerning the Foster Home of Eugene Charles Hastings …, including, without limitation, any and all reports (e.g., facility evaluations report(s)), narratives, memorandums, summaries, notes and the like." ECF No. 33 at 4. Among other functions, CCL licenses foster homes in counties (like Butte) that have not been delegated their own licensing authority. *Id*. at 9. CCL also investigates complaints about foster homes, and maintains "complaint reports," which document the complaint and related investigation. *Id*. In response to the subpoena, CCL disclosed its investigative file on Defendant Hastings, including "complaint reports," but redacted Defendant Hastings' name, Plaintiff's name, and the names and personal identifying information ("PII") of minor foster children and others, including their dates of birth, addresses, and telephone numbers. *Id.* Plaintiff believes that CCL also redacted substantive information within the investigative file. ECF No. 40 at 6-7.

On August 28, 2024, Plaintiff filed the instant motion. ECF No. 31. Plaintiff and CCL filed a joint statement on September 26, 2024. ECF No. 33. After the Court took the matter under submission without oral argument, Plaintiff sought leave to file a reply brief, arguing that the timeline on which drafts of the joint statement were exchanged prevented Plaintiff from fully addressing CCL's positions in the joint statement. ECF No. 38. The Court granted Plaintiff's request, ECF No. 39, and Plaintiff filed a reply brief. ECF No. 40. At the Court's request, ECF No. 41, Plaintiff submitted a copy of all documents disclosed by CCL for *in camera* review.

CCL's position is that state law privacy protections prohibit it from disclosing the PII contained within Defendant Hastings' investigative file. ECF No. 33 at 9-10. Plaintiff argues that those privacy protections must yield to Plaintiff's interest in having access to that PII, including information about other alleged sexual abuse victims of Defendant Hastings, who Plaintiff would intend to contact and, if possible, interview. *Id.* 4-8.

Plaintiff and CCL agree that the Court has authority to order disclosure, despite state law

2

privacy protections (*e.g.*, California Welfare & Institutions Code § 827 ("Section 827")).[1] *See* ECF No. 33 at 4 (Plaintiff), 14 (CCL). Plaintiff and CCL also agree that in a case involving privacy rights created by state law, the Court should use a five-factor test to determine the scope of protection afforded to otherwise discoverable materials. *See id.* at 5 (Plaintiff), 14 (CCL). Those factors are: "(1) the probable encroachment of the individual's privacy right if the contested action is allowed to proceed, and the magnitude of that encroachment; (2) whether the encroachment of the privacy right would impact an area that has traditionally been off limits for most regulation [i.e., an area where privacy concerns have traditionally been respected]; (3) whether the desired information is available from other sources with less encroachment of the privacy right; (4) the extent to which the exercise of the individual's privacy rights impinge on the rights of others; and (5) whether the interests of society at large encourage a need for the proposed encroachment." *Maldonado v. Sec'y of the Cal. Dep't of Corr. & Rehab.*, No. 2:06-cv-02696-MCE/GGH, 2007 WL 4249811, at *5 (E.D. Cal. Nov. 30, 2007) (quoting *Pagano v. Oroville Hospital*, 145 F.R.D. 683, 698-99 (E.D. Cal. 1993)). Plaintiff and CCL dispute whether the application of this multi-factor test favors disclosure of the currently-redacted PII from Defendant Hastings' complaint reports and whether the current stipulated protective order are sufficient to protect the privacy interests at stake.[2]

---

[1] Plaintiff disputes whether Section 827 and other state statutes protecting juvenile records against disclosure apply squarely to the PII in CCL's investigative report. ECF 40 at 1-3. While some of Plaintiff's arguments may be technically correct, the balance of relevant state law demonstrates strong privacy protections for the PII of children involved in the juvenile dependency system. Notwithstanding its dispute about the application of Section 827 and other laws, Plaintiff does not appear to dispute the basic point that PII concerning juveniles in the dependency system is subject to some privacy protections when at issue in federal litigation.

[2] In her reply brief, Plaintiff argues that CCL waived its objections to full disclosure of the investigative file by not raising timely written objections to the subpoena. ECF No. 40 at 8 (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005)). Plaintiff should have raised that argument in the joint statement, as Plaintiff had adequate advance notice that CCL was raising *some objections* in the joint statement, even if Plaintiff did not know the precise nature of those objections until shortly before the joint statement was due. ECF No. 38. In any event, the Court will not find waiver under these circumstances, as doing so would subject the PII of individuals in the juvenile dependency system to unwarranted intrusion based not on their own failures to respond to the subpoena but CCL's failures. That outcome would be unjust. Fed. R. Civ. P. 1.

### III. ANALYSIS

Whether state law privileges and privacy protections can be invoked in discovery disputes in federal question cases has split the judges of this court and other courts. *Compare Maldonado*, 2007 WL 4249811 at *5 ("This court has found that in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes."), *with Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (refusing to consider state law privileges). However, the undersigned need not attempt to resolve this tension in the caselaw, because there is no binding appellate authority and the parties agree that the *Maldonado* framework applies. Under *Maldonado*, the Court must make an initial determination whether the information sought is "significantly relevant." *Maldonado*, 2007 WL 4249811 at *5. Only if the significant relevance threshold is met, does the Court apply *Maldonado*'s five-factor test to determine the scope of the protection to be accorded. *Id*.

Plaintiff argues that the redacted PII is highly relevant and necessary to prosecute Plaintiff's claims because Plaintiff has alleged, among other things, that Defendants Brazil and Cornett: (1) failed to provide continued safety, security, and minimally adequate care and supervision; (2) breached their mandatory statutory duties; and (3) were negligent. ECF No. 33 at 8. In support of these claims Plaintiff alleges that there were prior complaints against Defendant Hastings, including complaints involving sexual abuse, such that it was unsafe to place Plaintiff in Defendant Hastings' care. *Id.* As Plaintiff sees it, having access to the names of other victims is necessary where they could become witnesses in support of this theory. ECF No. 33 at 7-8. In contrast, CCL argues that Plaintiff has not demonstrated "heightened relevancy" for the names and PII of nonparty victims, because the unredacted portions of CCL's investigatory records contain the substantive information of the reports. ECF No. 33 at 16.

Having reviewed the investigative file *in camera*, the Court finds heightened relevance for some of the redacted information, but not all of it. Heightened relevance is established for the name and PII of the following individuals: Defendant Hastings, Plaintiff, any other individual who was in the foster care of Defendant Hastings at the same time as Plaintiff or who witnessed

4

Plaintiff's treatment by Defendant Hastings, and any individual identified in Complaint Report "802_09.10.2012" and the documents associated with that Complaint Report (collectively, the "Highly Relevant PII"). Heightened relevance is obvious enough for Defendant Hastings and Plaintiff. So too with anyone who was in foster care with Plaintiff or otherwise witnessed Defendant Hastings' treatment of Plaintiff. For its part, Complaint Report 802_09.10.2012 involved a substantiated finding that Defendant Hastings physically abused a child in his care. If Plaintiff is able to contact and interview people involved in that particular investigation, it is possible that Plaintiff may be able to develop additional evidence about the knowledge of Defendants Brazil and Cornett concerning a substantiated finding against Defendant Hastings.

By contrast, heightened relevance is lacking for the names and PII of any other individual in CCL's investigative file. Allegations concerning Defendant Hastings' mistreatment of those individuals were either (1) found unsubstantiated or inconclusive, or (2) post-dated Plaintiff's time in the foster care of Defendant Hastings. Even if Plaintiff could interview those other individuals, such interviews would not plausibly lead to significantly relevant evidence concerning other Defendants' knowledge about Defendant Hastings.

The Court now applies *Maldonado*'s five-factor test to the Highly Relevant PII. First, the magnitude of the encroachment as to at least other juveniles who are not Plaintiff herself is significant.[3] As CCL points out, the disclosure of their PII would undermine protections afforded under Section 827 by revealing (a) a child's status as a foster child and (b) personal and intimate details about the child, including details of physical and sexual contact, all without notice to them before disclosure. ECF No. 33 at 9, 15. CCL also notes that disclosure here could deter future victims from coming forward and reporting abuse. ECF No. 33 at 15-16. While the utilization of a protective order certainly mitigates these concerns, this factor weighs against disclosure.

////

Second, while disclosure would encroach on area where privacy concerns have

---

[3] There is no serious privacy concern when it comes to Plaintiff's name—which her lawyers can adequately protect—or Defendant Hastings's name, as Defendant Hastings is not a child subject to statutory privacy protections under state law.

traditionally been respected (foster care information), Plaintiff rightly notes that courts regularly authorize similar disclosures with protective orders in place. *See Maldonado*, 2007 WL 4249811 at *5; *Doe No. 59 v. Santa Rosa City Schools*, No. 3:16-cv-01256-WHO, 2017 WL 1183774 (N.D. Cal. Mar. 1, 2017) (ordering disclosure of juvenile case file and subject to a protective order); *Meyer v. Cty. of San Diego*, No. 21-cv-341-RSH-BLM, 2024 WL 86603 (S.D. Cal. Jan. 8, 2024) (ordering disclosure of certain documents with juvenile case file and subject to a protective order). This factor is neutral.

Third, there are no other meaningful options for Plaintiff to obtain this same, highly relevant information. CCL argues that Plaintiff might obtain unredacted reports by petitioning them from dependency court. ECF No. 33 at 3 ("[I]f redacted information is sought, Plaintiff's attorney should petition the appropriate juvenile court under state law"). However, a dependency court would likely also redact the same information that CCL seeks to redact, providing no real alternative to obtaining the relevant information. This factor weighs in favor of disclosure.

Fourth, withholding the PII of the Highly Relevant PII would impinge on the right of Plaintiff to seek to vindicate her own legal rights. This is especially true given the singular value the Highly Relevant PII might offer Plaintiffs' case by, for example, corroborating certain allegations about her mistreatment at the hands of Defendant Hastings. This factor also weighs in favor of disclosure.

Fifth, the societal interest factor is effectively neutral where there is both a strong interest in protecting the privacy rights of those involved in the foster care system and ensuring the vindication of the legal rights of an individual like Plaintiff, through litigation subject to a protective order.

On balance, given the unique relevance of the information at issue, disclosure of the Highly Relevant PII is warranted, with a protective order covering that PII.

Finally, review of the investigatory file also appears to validate Plaintiff's concern that CCL also redacted substantive information. For example, under Complaint Report "802_05.24.2013," the "812_Interview FC" document appears to redact words describing what reportedly occurred during a particular incident. CCL should not be withholding such substantive

6

information.

## IV. PROTECTIVE ORDER

The version of the investigatory file to be disclosed under this Order will be governed by the substantive terms of the Protective Orders already entered in this case. That version of the investigatory files shall be treated like "Confidential" and "Protected Material" and like a "Juvenile Case File" would be treated under those Protective Orders. ECF Nos. 24 & 25.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 31) is GRANTED IN PART and DENIED IN PART as set forth herein.

Within **fourteen (14) days of the date of this order**, CCL shall reproduce for Plaintiff the investigatory file for Eugene Hastings without redactions of:

1. Plaintiff's name and PII;
2. Defendant Hastings' name and PII;
3. the name and PII for any other individual who was in the foster care of Defendant Hastings at the same time as Plaintiff, or who witnessed Plaintiff's treatment by Defendant Hastings;
4. the name and PII for any individual identified in Complaint Report 802_09.10.2012 and other documents pertaining to that report; and
5. any substantive information that CCL previously redacted.

CCL may continue to redact the names and PII of other individuals identified in the investigatory file.

Plaintiff shall maintain the investigatory file to be disclosed by CCL under this order in a manner consistent with the Protective Orders in this case.

SO ORDERED.

Dated: October 25, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7