UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.B., *a minor, by and through her guardian ad litem Brett Brashears*,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BUTTE, et al.,<br><br>Defendants. | No. 2:23-cv-01977-DAD-SCR<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE DEADLINES<br><br>(Doc. No. 74) |

On September 4, 2025, counsel for plaintiff filed an *ex parte* application to continue certain dates and deadlines in this case in light of plaintiff's purported inability to complete fact discovery by the current discovery deadline of November 20, 2025, established by the court's scheduling order. (Doc. Nos. 45, 74-2.) In particular, plaintiff contends that meet and confer requirements with third parties and defendants' delays in providing discovery establish good cause for the court's modification of its scheduling order. (Doc. No. 74-2 at 6–10.) Specifically, plaintiff seeks extensions of: (1) the deadline for fact discovery; (2) the deadlines for expert and rebuttal expert witness disclosure; (3) the deadline for expert discovery; and (4) and the deadline for the filing of dispositive law and motion. (*Id.* at 14.) Plaintiff represents that prior to the filing of its *ex parte* application, defendant had either stipulated to or expressed their non–opposition to

/////

1

1 | the extension of these deadlines with the exception of the deadline for conducting fact discovery.
2 | (Doc. No. 74 at 2–3.)

3 |      On September 5, 2025, defendants filed an opposition to plaintiff's pending *ex parte*
4 | application. (Doc. No. 75.) Therein, defendants request that the court "deny Plaintiff's request in
5 | its entirety." (*Id.* at 2.) Defendants do not otherwise address whether they did in fact indicate a
6 | willingness to stipulate to the extension of certain deadlines and their position regarding
7 | plaintiff's representation of the discussion between the parties is, at best, unclear. In any event,
8 | the court construes defendants' brief as opposing any modification to the scheduling order.
9 | Defendants argue that plaintiff had not shown that she is entitled to *ex parte* relief and,
10 | alternatively, that plaintiff has not shown good cause for the requested modification of the
11 | scheduling order. (*Id.* at 2–7.)

12 |      "In order to justify *ex parte* relief, the moving party must establish (1) that its cause will
13 | be irreparably prejudiced if the underlying motion is heard according to regular noticed
14 | procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that
15 | the crisis occurred as a result of excusable neglect." *Jenkins v. City of Los Angeles*, No. 2:24-cv-
16 | 01056-MWC-AJR, 2025 WL 2019789, at *1 (C.D. Cal. Jan. 6, 2025). Here, plaintiff has stated
17 | only that *ex parte* relief is justified on the basis that defendants had previously agreed to most, but
18 | not all of, plaintiff's proposed modifications to the scheduling order and that the granting of
19 | plaintiff's request would promote prompt resolution of the parties narrow dispute over extending
20 | the fact discovery deadline. (Doc. No. 74-2 at 5–6.) Plaintiff has not provided any authority for
21 | the proposition that these bases justify *ex parte* relief. Indeed, in the only case authority cited by
22 | plaintiff in this regard the district court noted that *ex parte* relief is available only where "the
23 | party seeks a routine procedural order that *cannot* be obtained through a regularly noticed
24 | motion." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)
25 | (emphasis added); *see also Moore v. Chase, Inc.*, No. 1:14-cv-01178-SKO, 2015 WL 4636750, at
26 | *3 (E.D. Cal. Aug. 3, 2015) (denying the defendant's *ex parte* application for a protective order
27 | because the defendant could have filed a regularly noticed motion for the same relief and filed an
28 | *ex parte* application to shorten the time for the motion to be heard). That is not the case here,

where plaintiff could file a noticed motion to modify the scheduling order. Moreover, the current deadline for the completion of fact discovery in this case is November 20, 2025 whereas Local Rule 230 requires that a motion be set for hearing "not less than thirty-five (35) days after service and filing of the motion." L.R. 230(b). Accordingly, plaintiff may file a properly noticed motion seeking an amendment of the scheduling order and set that motion for hearing on October 20, 2025—31 days before the close of fact discovery—in accordance with the Local Rules and the Standing Order of this court.[1] If such a motion is pursued, the parties shall clearly state their respective positions, with supporting authority, in their briefing. Of course, the court would also consider any stipulation and proposed order modifying the scheduling order that the parties were able to agree upon.

For the reasons explained above, plaintiff's *ex parte* application to continue deadlines (Doc. No. 74) is denied without prejudice to the filing of a properly noticed motion for modification of the scheduling order previously issued in this case.

IT IS SO ORDERED.

Dated:  **September 9, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] The parties are advised that Judge Dale A. Drozd's Standing Order, which is publicly available on the United States District Court for the Eastern District of California's website, was modified since the issuance of the Standing Order in this action to reflect that Judge Drozd's civil law and motion calendar is now held on the first and third Monday of every month at 1:30 PM over Zoom. (Doc. No. 3-1.)

3