1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    M.B.,                                      No.  2:23-cv-01977-DAD-SCR

12                  Plaintiff,

13          v.                                    ORDER GRANTING PLAINTIFF'S MOTION
                                                  FOR LEAVE TO AMEND THE COMPLAINT
14    COUNTY OF BUTTE, et al.,                    AND DENYING PLAINTIFF'S MOTION TO
                                                  MODIFY THE SCHEDULING ORDER
15                  Defendants.
                                                  (Doc. Nos. 52, 77)
16

17

18          This matter is before the court on plaintiff's May 8, 2025 motion for leave to amend the

19   complaint and plaintiff's September 16, 2025 motion to modify the scheduling order.  (Doc. Nos.

20   52, 77.)  The motions were taken under submission on the papers pursuant to Local Rule 230(g).

21   (Doc. Nos. 57, 81.)  For the reasons set forth below, the court will grant plaintiff's motion for

22   leave to amend the complaint and deny plaintiff's motion to modify the scheduling order.

23                                    **BACKGROUND**

24          On September 13, 2023, plaintiff M.B. filed the complaint initiating this action against

25   defendants County of Butte, Stephanie Brazil, Sarah Cornett, Panuke, Michael Keating, Youth

26   and Family Programs Foster Family Agency, and Eugene C. Hastings.  (Doc. No. 1.)

27          On May 8, 2025, plaintiff filed her pending motion to amend the complaint.  (Doc. No.

28   52.)  Specifically, plaintiff seeks to name additional individual defendants, including Sergeant

                                                 1

Matthew Keeling, Deputies Ben Cornelius and Angelo J. Tavelli, and Social Workers Rosemary Topete, Joe Pirruccelli, and Amy Rehdorf. (Doc. No. 52-1 at 4.) Plaintiff also seeks to remove defendant Panuke from the action, add allegations setting forth the involvement and liability of the new defendants, and add allegations to better explain and support plaintiff's existing claims. (*Id.*) On May 22, 2025, defendants Stephanie Brazil, Sarah Cornett, Panuke, and Michael Keating filed their opposition to the pending motion for leave to amend. (Doc. No. 55.) On May 27, 2025, plaintiff filed her reply thereto. (Doc. No. 56.)

On September 16, 2025, plaintiff filed her pending motion seeking an order extending the dates established for completion of fact discovery, expert discovery and filing of motions by ninety days. (Doc. No. 77.) The court construes plaintiff's motion as one seeking to modify the court's pretrial scheduling order.[1] On September 30, 2025, defendants Stephanie Brazil, Sarah Cornett, County of Butte, Michael Keating, and Panuke filed their opposition to that motion. (Doc. No. 78.) On October 10, 2025, plaintiff filed her reply thereto. (Doc. No. 79.)

## LEGAL STANDARD

### A.    Motion for Leave to Amend

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

/////

---

[1] The initial scheduling order in this case was issued by the then-assigned magistrate judge on January 23, 2024 (Doc. No. 20), during a time period when due to case backlogs before the district judges of the court, magistrate judges were issuing pretrial scheduling orders in some civil cases (*see* Doc. No. 12). On May 2, 2024, upon the stipulation of the parties, the then-assigned magistrate judge modified the scheduling order. (Doc. No. 27.) On August 29, 2024, again upon stipulation of the parties, the undersigned modified the scheduling order a second time. (Doc. No. 32.) Yet again, on February 6, 2025, upon stipulation of the parties the scheduling order was modified by the court. (Doc. No. 45.) Finally, on September 10, 2025, the undersigned denied plaintiff's *ex parte* application to effectively modify the scheduling order without prejudice to the filing of a properly noticed motion. (Doc. No. 76.)

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

**B.    Motion to Modify the Scheduling Order**

"The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party seeks to modify the scheduling order, that party must first show "good cause." *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). In *Johnson*, the Ninth Circuit explained that

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

975 F.2d at 609 (internal quotation marks and citations omitted); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").

/////

1          **ANALYSIS**

2     **A.      Motion for Leave to Amend[2]**

3          Defendants argue that granting plaintiff leave to amend would be futile, that plaintiff has

4     unduly delayed in seeking leave to amend, and that the newly-added defendants would be

5     substantially prejudiced.  (Doc. No. 55.)  Plaintiff argues that defendants are wrong on all three

6     counts.  (Doc. Nos. 52, 56.)

7          1.    Futility

8          Plaintiff argues that amendment can be found to be futile only if it is clear that no set of

9     facts can be proved under the amendment that would constitute a valid and sufficient claim.

10    (Doc. No. 52-1 at 9.)  In their opposition, defendants argue that allowing plaintiff's proposed

11    amendments would be futile because they do not state a claim for unwarranted medical

12    examinations/procedures against Ms. Topete, Ms. Rehrdorf, and Mr. Pirruccello and do not state

13    a cognizable claim for failure to provide minimally-adequate care and supervision against Mr.

14    Pirruccello.  (Doc. No. 55 at 6–8.)

15         Defendants' "argument may cast doubt on whether the new claims will eventually succeed

16    on the merits, but the futility inquiry requires much more:  the opposing party must show that 'no

17    set of facts' could support a valid claim."  *Idylwilde, Inc. v. Umpqua Feather Merchants, LLC*,

18    No. 3:13-cv-02009-HZ, 2014 WL 12775086, at *2 (D. Or. June 30, 2014); *see also Melendres v.*

19    *Arpaio*, No. 07-cv-02513-PHX-MHM, 2008 WL 4174918, at *4 (D. Ariz. Sept. 5, 2008)

20    ("Defendants' Response in Opposition does not focus on the underlying merit of the original

21    complaint, nor why any of the initial claims brought by Melendres were futile and should not

22    proceed.").  "[E]valuating the merits of proposed claims is generally inappropriate when

23    considering motions for leave to amend."  *Banc of California, Inc. v. Farmers & Merchants Bank*

24    *of Long Beach*, No. 16-cv-01601-CJC-AFM, 2017 WL 2972338, at *1 (C.D. Cal. Apr. 19, 2017);

25    *see also Melendres*, 2008 WL 4174918, at *4 ("In order to avoid piecemeal adjudication, this

26    Court would rather address these and other substantive issues when they are squarely presented to

27    _____

28    [2]  For purposes of this section, "defendants" refers to Stephanie Brazil, Sarah Cornett, Panuke, and Michael Keating.

1   the Court in the form of a dispositive motion addressed to a single amended complaint, where the

2   standard of review on appeal would be *de novo* rather than an abuse of discretion.").  In light of

3   these legal standards applicable to plaintiff's motion for leave to amend, the court finds that

4   amendment is not futile.

5          2.     Delay

6         Plaintiff next argues that the proposed state and federal claims brought against the new

7   defendants are not time barred because the applicable statute of limitations has not expired.  (Doc.

8   No. 52-1 at 6.)  As such, plaintiff states that if leave to amend is not granted, she will file a new

9   action against the proposed new defendants and then move to consolidate the two actions.  (*Id.* at

10   4.)  In their opposition, defendants argue that plaintiff has unduly delayed in seeking to amend her

11   complaint in this action because she was aware of the existence of the proposed new defendants

12   and that they were present for the alleged violations well before she moved for leave to amend her

13   complaint.  (Doc. No. 55 at 4–5.)  For instance, defendants contend, almost 15 months prior to

14   plaintiff's filing of the pending motion, certain defendants served initial disclosures identifying

15   Ben Cornelius as a witness, and 10 months prior to the filing of plaintiff's motion, plaintiff

16   received documents from the Sheriff's Office indicating that Deputy Cornelius was present at the

17   time of the alleged violations.  (*Id.* at 4.)  In reply, plaintiff argues that any delay was necessary in

18   order for plaintiff and counsel to fully understand the extent of the new defendants' involvement

19   in the alleged violations and to confirm that they bear liability for those violations.  (Doc. No. 56

20   at 6.)

21        "Courts routinely allow parties to amend their pleadings after new information comes to

22   light during discovery."  *M.H. v. Cnty. of Alameda*, No. 11-cv-02868-CW, 2012 WL 5835732, at

23   *3 (N.D. Cal. Nov. 16, 2012).  "[A] plaintiff has good cause to amend a complaint to add

24   defendants if the identities of those defendants were unknown prior to discovery."  *Id.*  Further,

25   the plaintiff is "entitled to pursue confirmatory discovery on this issue before moving to amend."

26   *Becerra v. Nat'l Recovery Sols., LLC*, No. 13-cv-01547-BEN-DHB, 2014 WL 3700210, at *5

27   (S.D. Cal. July 24, 2014).  Applying these legal standards, the court concludes that plaintiff did

28   not unduly delay in seeking to amend her complaint here.

1          3.     Prejudice

2          Defendants argue that allowing plaintiff to amend the complaint at this late stage in this

3 litigation would substantially prejudice the newly-added defendants. (Doc. No. 55 at 5–6.)

4 Specifically, defendants argue that plaintiff's ten-year delay in filing her lawsuit in the first

5 instance, compounded by plaintiff's delay in conducting discovery as to the new defendants, has

6 caused memories from over eleven years ago to fade, prejudicing the new defendants from being

7 able to adequately defend themselves. (*Id.* at 6.) In response, plaintiff argues that a prejudice

8 claim premised entirely on memory and document loss, where the motion for leave to amend was

9 made within the applicable statute of limitations, is insufficient to establish substantial prejudice.

10 (Doc. No. 56 at 5.)

11          The court agrees with plaintiff that defendants' argument regarded faded memories does

12 not establish substantial prejudice where the applicable statute of limitations has not run. "[W]ere

13 the Court to deny [plaintiff's] motion, [she] could file an entirely separate action against [the new

14 defendants] that would necessarily relate to the instant action and would only serve to further tax

15 this Court's overburdened judicial resources" and further delay proceedings, resulting in the

16 further fading of memories and potential loss of documents. *Aguirre v. Home Depot U.S.A., Inc.*,

17 No. 1:10-cv-00311-LJO, 2011 WL 2181382, at *3 (E.D. Cal. June 3, 2011); *see also Dubicz v.*

18 *Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) ("But, an allegation of prejudice

19 premised *entirely* on memory and document loss, where the motion for leave to file was made

20 within the statute of limitations, is an insufficient reason.").

21          The question remains, however, whether the newly added defendants would be prejudiced

22 by entering *this* action less than a month before fact discovery closes. Though the close of fact

23 discovery is fast approaching, that was not the case when plaintiff filed their motion for leave to

24 amend. In fact, plaintiff filed their pending motion on May 8, 2025, over six months before the

25 close of fact discovery on November 20, 2025. (Doc. No. 52.) Due to the Eastern District of

26 California's overwhelming caseload and the longstanding lack of adequate judicial resources in

27 this district, the court is unfortunately just now addressing plaintiff's motion for leave to amend

28 many months later and less than one month before the close of fact discovery.

1    Other district courts have found that where newly added defendants are served "five

2    months before the close of fact discovery[,]" the prejudice factor is not met. *Mendoza v.*

3    *Whitehouse*, No. 07-cv-01138-CW, 2008 WL 2684120, at *4 (N.D. Cal. July 3, 2008); *see also*

4    *M.H.*, 2012 WL 5835732, at *3 (finding that "the parties' recent stipulation to extend discovery

5    until February 2013 . . . mitigates any prejudice that might be caused by Plaintiffs' amended

6    complaint" where the plaintiffs filed their motion for leave to amend in September 2012, five

7    months prior).  To avoid prejudicing the newly added defendants, the court would either need to

8    deny plaintiff's motion solely due to the court's own delay or allow the newly added defendants

9    to extend the fact discovery cut-off.

10    "A need to reopen discovery and therefore delay the proceedings supports a district

11    court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin*

12    *Corp. v. Network Sol.*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Solomon v. North Am. Life &*

13    *Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir.1998)).  "However, [n]either delay resulting from the

14    proposed amendment nor the prospect of additional discovery needed by the non-moving party in

15    itself constitutes a sufficient showing of prejudice." *Mendia v. Garcia*, 165 F. Supp. 3d 861, 874

16    (N.D. Cal. 2016) (internal quotations omitted).  The court will therefore permit the newly added

17    defendants to request reasonable extensions of the discovery deadline in this case, if necessary, to

18    ensure that they are not prejudiced.  Such extensions of the deadline to complete fact discovery at

19    the behest of one or more defendants are not sufficient to show prejudice. *Id.*  Accordingly, the

20    court finds that the prejudice factor is not met here.

21    **B.    Motion to Modify the Court's Scheduling Order[3]**

22    In her pending motion, plaintiff argues that good cause exists to modify the court's

23    scheduling order because she has been diligent in pursuing discovery in this case and cannot

24    complete fact discovery by the current deadline purportedly due to defendants' delaying tactics

25    and current meet and confer efforts being directed by the assigned magistrate judge regarding

26    contested discovery.  (Doc. No. 77-1 at 9–16.)  Specifically, plaintiff argues that she cannot meet

27

28    [3]  For purposes of this section, "defendants" refers to Stephanie Brazil, Sarah Cornett, County of Butte, Michael Keating, and Panuke.

1    the current fact discovery cut-off because she moved to compel production of certain unredacted

2    documents, and the assigned magistrate judge ordered production of those documents but

3    required counsel for plaintiff and the third parties to meet and confer regarding the scope of

4    production and a production date.  (*Id.* at 5.)  According to plaintiff, those meet and confer efforts

5    are ongoing, and plaintiff is still awaiting production of unredacted documents.  (*Id.*)  In addition,

6    plaintiff anticipates that the information in the documents to be disclosed will necessitate the

7    conducting of additional discovery.  (*Id.*)  Plaintiff further argues that if her motion seeking leave

8    to amend the complaint is granted, further fact discovery will also be required.  (*Id.* at 17.)

9        In their opposition, defendants argue that good cause does not exist because plaintiff has

10    already obtained significant, even excessive, discovery, plaintiff has not been diligent in

11    conducting third-party discovery, and defendants have not engaged in delaying tactics in

12    connection with the discovery phase of this case.  (Doc. No. 78 at 4–6.)  Defendants also argue

13    that plaintiff cannot know that the production that will result from current meet and confer efforts

14    will require further discovery and is merely speculating in that regard.  (*Id.* at 4.)

15        The court is persuaded that it is plaintiff's counsel, and not defendants, who have arguably

16    conducted discovery in this case in an unreasonable manner.  Moreover, the court is not at all

17    convinced that plaintiff cannot complete fact discovery within the 22 months so far allotted for

18    that purpose, regardless of defendants' purported delays.[4]  (Doc. Nos. 20, 45.)  As for plaintiff's

19    arguments regarding meet and confer efforts, on July 22, 2025, the magistrate judge directed that,

20    within "fourteen (14) days[,]" plaintiff and certain third parties were to "meet and confer as to

21    whether the scope of" the third parties' "production may be reduced, and the timeline of such

22    production."  (Doc. No. 68 at 17.)  Even if plaintiff and the third parties could not reach a

23    resolution within 14 days, diligence would have required plaintiff to return to the court with the

24    dispute shortly after the end of those 14 days and well before the close of fact discovery.

25        Plaintiff further argues that if the court grants her leave to amend the complaint, the court

26    should also extend fact discovery.  (Doc. No. 77-1 at 17.)  Based on plaintiff's account of her

27

28    [4]  *See* fn. 1, above.

8

extensive discovery efforts undertaken to date, she has already obtained significant discovery with respect to the newly added defendants and her other proposed amendments. (Doc. No. 56 at 6.) Furthermore, plaintiff filed her motion for leave to amend the complaint on May 8, 2025, six months before the close of fact discovery. (Doc. No. 52.) Plaintiff has had more than enough of time to pursue fact discovery as to her proposed amendments and any failure on her counsel's part to do so within the time provided already would reflect a lack of diligence on their part.

Because plaintiff's purported inability to comply with the fact discovery cut-off is a result of plaintiff's lack of diligence, the inquiry ends. *Johnson,* 975 F.2d at 609. The court finds that good cause does not exist to modify the scheduling order as requested by plaintiff.

## CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to amend the complaint (Doc. No. 52) is GRANTED;

2.    Within two (2) days from the date of entry of this order, plaintiff shall file her first amended complaint, as proposed in her motion;

3.    Within (14) days from the date of filing of the first amended complaint, plaintiff shall serve it on the new defendants;

4.    All named defendants shall file their responses to plaintiffs' first amended complaint within twenty-eight (28) days from the date of filing of the first amended complaint; and

5.    Plaintiff's motion to modify the scheduling order (Doc. No. 77) is DENIED.

IT IS SO ORDERED.

Dated:   **October 29, 2025**                    _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE